# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 03-4781

KELVIN L. CODY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-03-97)

Submitted: March 31, 2004

Decided: April 20, 2004

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David Lassiter, Jr., JEFFERSON & LASSITER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Shannon L. Taylor, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Kelvin L. Cody on one count of conspiracy to distribute and possess with intent to distribute cocaine base ("crack") (Count One), one count of possession with intent to distribute crack (Count Two), one count of possession of crack (Count Three), and one count of possession of marijuana (Count Four). The district court sentenced Cody to a total of 150 months in prison. Cody timely appealed, claiming that the evidence was insufficient to support his convictions. We find that the evidence was sufficient to support Cody's convictions on all four counts; consequently, we affirm.

While investigating a report of a nearby crime, police officers knocked on the door of a motel room. Bryan N. Tunstall opened the door, and an officer smelled marijuana smoke emanating from the room. Tunstall, Cody, and two other men were inside the room. Tunstall stated that he and his friends had been smoking marijuana that evening. In their search of the room, police found a small glass smoking device of the type usually used for smoking crack, a baggie containing a 6.925 gram rock of crack, and $1040 in cash in the night stand between the two beds. Officers also found Cody's social security card, a child support document for Tunstall, a room key, and three pay stubs belonging to Cody in the drawer of the night stand. An additional $5400 in cash was found inside a sock in the dresser. Cody told one of the officers that the cash belonged to him. Officers recovered a razor blade wrapped in tissue on Cody's person. A subsequent laboratory analysis of the razor blade revealed no drug residue. Finally, officers found a gun between the mattress and boxspring of one of the two beds in the room.

A grand jury indicted Cody on the four counts on which he ultimately was convicted, as well as on two other counts that were dismissed on the government's motion. Tunstall agreed to cooperate with the police and testified against Cody.

At Cody's trial, Tunstall admitted that he was guilty of "renting an occupied area where drugs were being stored or sold." His signed plea agreement, which was part of the record, more explicitly provided

that he agreed to plead guilty to "renting and making available for use [a] room for the purpose of unlawfully manufacturing, storing, distributing, and using . . . 'crack.'" Tunstall testified that he had rented the motel room and that he shared the room with Cody, who also had a key to the room. He said that Cody had shown him the rock of crack earlier in the day and that he told Cody that he should not have the crack in the motel room and that he thought Cody was going to get rid of it. He admitted that, although he denied ownership of the crack when the police discovered it, he did not tell them that it belonged to Cody. He also admitted to selling cocaine, although he denied that he and Cody sold drugs together on the date charged in the indictment.

Cody contends on appeal that the evidence was insufficient to support his convictions. A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). This court considers whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence and permit the government "'the benefit of all reasonable inferences from the facts proven to those sought to be established.'" *United States v. Jackson*, 124 F.3d 607, 613 (4th Cir. 1997) (quoting *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)). "In reviewing the sufficiency of the evidence, we are not entitled to weigh the evidence or assess the credibility of witnesses, 'but must assume that the jury resolved all contradictions . . . in favor of the Government.'" *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (quoting *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993)).

Counts Three and Four charged Cody with possession of crack and marijuana, respectively, in violation of 21 U.S.C. § 844 (2000). Simple possession of a controlled substance requires knowing or intentional possession of that substance. 21 U.S.C. § 844.

The crack was found in a motel room Cody was sharing with Tunstall and was in close proximity to documents belonging to Cody. Tunstall testified that the crack belonged to Cody. We find this evidence was sufficient to support Cody's conviction for possession of crack.

Regarding the marijuana, Cody, Tunstall, and two other men were found in a motel room that smelled of marijuana smoke and there were marijuana blunts in the room. Tunstall stated that he and his friends had been smoking marijuana. We find that the jury could reasonably infer from this evidence that Cody had been in possession of marijuana.

Count Two charged Cody with possession with intent to distribute crack, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2003). In order to establish a violation of § 841, the government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc).

We find that the evidence was sufficient to establish that Cody knowingly possessed the crack. Moreover, there was ample circumstantial evidence of drug trafficking. The jury could infer from the quantity of crack found, Cody's unexplained possession of a large sum of cash, and the discovery of the hidden gun, that Cody was engaged in drug distribution. *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996); *see also United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000) (noting that firearms are known tools of the drug trade). This inference was buttressed by the discovery of the razor blade on Cody's person. Although it contained no detectable drug residue, an officer testified that razor blades are tools of the drug trade. Viewing this circumstantial evidence in the light most favorable to the government, we find that the evidence was sufficient to support Cody's conviction for possession of crack with intent to distribute.

Finally, Count One charged Cody with conspiracy to possess with intent to distribute crack. To prove conspiracy to distribute a controlled substance, the government must establish that: (1) two or more persons agreed to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. *Burgos*, 94 F.3d at 857. Although Tunstall emphatically claimed that the crack seized from the motel room was Cody's and that he had nothing to do with it, the fact remains that he admitted to making the motel room available for crack distribution and that he was aware that Cody had crack in the room. He also admitted to selling cocaine. We find that there was sufficient evidence

to find a tacit agreement between Cody and Tunstall to distribute crack, that Cody was aware of the conspiracy, and that he knowingly and voluntarily joined it.

For these reasons, we affirm Cody's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*